**[ECF No. 1]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE SUBPOENA TO:**<br>**BRUCE SHARP** | **Case No. 26-3408 (KMW/EAP)** |

**MEMORANDUM ORDER**

Movant Bruce Sharp has filed the present Motion seeking to quash subpoenas served by Petitioners City of Springfield, Ohio; Rob Rue; David Estrop; Krystal Brown; Tracey Tackett; Taylor Flora; Casey Rollins; Jessica Shafer; and Randall Comer. ECF No. 1-3 (Mov.'s Br.). Petitioners have filed opposition to the Motion, ECF No. 5 (Pets.' Opp.), and Movant filed a reply, ECF No. 8 (Mov.'s Reply). The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1.

**FACTUAL BACKGROUND**

Petitioners have filed a civil action in the United States District Court for the Southern District of Ohio against the Blood Tribe, an organization the Complaint describes as a white supremacist group; its alleged founder and leader, Christopher Pohlhaus; another alleged leader, Drake Berentz; and seven unidentified individuals alleged to be associates of the group (collectively, "Respondents"). *City of Springfield, Ohio v. The Blood Tribe*, Civ. A. No. 25-33 ("Ohio Action"). Petitioners allege that Respondents engaged in and encouraged threats, harassment, and intimidation directed at city officials and residents because of their support for

Springfield's Haitian community. Mov.'s Br., Ex. B (Compl.) at 1.[1] Based on that alleged conduct, Petitioners assert federal civil rights claims and related Ohio statutory and common law claims. *See id.* ¶¶ 132-204.

In connection with that lawsuit, on or about February 7, 2026, Petitioners caused a subpoena *ad testificandum* and a subpoena *duces tecum* to be delivered to Movant Bruce Sharp's home in Ocean City, New Jersey. *See* ECF No. 1-1 (Declaration of Bruce Sharp ("Sharp Decl.")) ¶¶ 1, 4; *see also* Mov.'s Br. ¶ 5. The subpoenas command Movant to appear for an in-person videotaped deposition and to produce documents at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP in Wilmington, Delaware. ECF No. 5-1 (Declaration of Mark Weiner ("Weiner Decl.")), Ex. 1 at 3-5 (subpoena *ad testificandum*), 7-9 (subpoena *duces tecum*). The subpoenas seek testimony and documents concerning the parties and events alleged in the Ohio Action.[2] Mov.'s Br. at 1; *see also id.* at 11-15.

On February 17, 2026, and February 19, 2026, Movant served written objections to the subpoenas on Petitioners' counsel. Mov.'s Br. ¶¶ 8, 9.

On March 31, 2026, Movant filed the present Motion in this Court, asking the Court to quash the subpoenas because (1) Petitioners have not established a reasonable basis to believe that he possesses information relevant to the underlying action; (2) Petitioners can obtain the

---

[1] Movant's brief identifies the Complaint as Exhibit A. Mov.'s Br. at 4; *see also* ECF No. 1-2 (Declaration of Patrick Trainor ("Trainor Decl.")) ¶ 3. The Complaint, however, is attached to Movant's filing as Exhibit B. For clarity of reference, the Court will refer to the Complaint as Exhibit B.

[2] Movant's brief identifies April 1, 2026, and April 15, 2026, as the compliance dates for the subpoenas. *See* Mov.'s Br. ¶ 10. The subpoenas submitted as exhibits by both parties, however, specify compliance dates in March 2026. *See* Weiner Decl., Ex. 1 at 3-5, 7-9. The submitted materials do not explain the discrepancy or establish whether the April dates reflect amended subpoenas or an agreed rescheduling. The Court need not resolve that discrepancy because its disposition rests on the Wilmington, Delaware place of compliance specified in the subpoenas supplied to the Court.

information from the parties to the litigation; and (3) the subpoenas are overbroad, unduly burdensome, and disproportionate to the needs of the case. Mov.'s Br. at 1-2, 9. In response, Petitioners ask the Court to deny the Motion because (1) the subpoenas seek discovery that is relevant to Petitioners' claims and is proportional to the needs of the case; (2) Movant has failed to articulate how the subpoenas are burdensome; and (3) Petitioners are entitled to discovery from Movant regardless of Movant's nonparty status. *See generally* Pets.' Opp. In the alternative, Petitioners ask the Court to transfer the Motion to the United States District Court for the Southern District of Ohio, pursuant to Federal Rule of Civil Procedure 45(f). Pets.' Opp. at 16-17. In reply, Movant reiterates his objections. *See generally* Mov.'s Reply.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas, including those directed to nonparties. Fed. R. Civ. P. 45. Rule 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). A motion to quash or modify a subpoena, however, must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). "When a subpoena requires compliance in a different district than where the underlying litigation is pending, only the compliance district is empowered to adjudicate a motion to quash that subpoena." *Everlast Roofing, Inc. v. Wilson*, No. 23-828, 2024 WL 5629643, at *6 (M.D. Pa. July 15, 2024).

Although courts differ in how they define "the court for the district where compliance is required," courts within the Third Circuit generally identify that district by reference to the place of compliance specified in the subpoena. *See, e.g.*, *Rardon v. Falcon Safety Prods., Inc.*, Nos. 23-1594, 23-1596, 2023 WL 5347298, at *1 n.4 (3d Cir. Aug. 21, 2023) ("The United States District Court for the Eastern District of Pennsylvania had jurisdiction over the motions to quash the

subpoenas pursuant to Federal Rule of Civil Procedure 45 because compliance with the subpoena was required . . . in Horsham, Pennsylvania"); *Everlast*, 2024 WL 5629643, at *6 (finding that compliance districts were defined by the subpoenas as "the location where the documents are to be produced"); *Takeda Pharm. Co. v. Caremark RX, LLC*, No. 23-111, 2023 WL 6201363, at *2 (E.D. Pa. Sept. 22, 2023) ("[T]he place named in the subpoena . . . is the place where compliance is required." (quoting *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709-10 (N.D. Tex. 2017) (cleaned up))); *Orthobond Corp. v. Burel*, No. 22-217, 2023 WL 3867245, at *4 (D.N.J. June 7, 2023) (denying nonparty's motion to quash a subpoena pursuant to Rule 45(d)(3) because "[w]hile this is the Court where the underlying matter is proceeding, the place of compliance for the Subpoena—i.e., where the deposition is to take place—is located in New York, New York").

Here, both subpoenas expressly command Movant to comply in Wilmington, Delaware. Weiner Decl., Ex. 1 at 3-5, 7-9. Accordingly, the United States District Court for the District of Delaware, rather than this Court, is "the court for the district where compliance is required" under Rule 45(d)(3)(A). Thus, the Court finds that the present Motion to Quash is not properly before this Court.

The Court's conclusion effectively forecloses the alternative relief that Petitioners seek: transfer of the Motion to the United States District Court for the Southern District of Ohio pursuant to Rule 45(f). Pets.' Opp. at 16-17. Rule 45(f) provides that "[w]hen *the court where compliance is required* did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f) (emphasis added). Because, as set forth above, this Court is not the court

where compliance is required, Rule 45(f) does not authorize this Court to transfer Movant's Motion to the Southern District of Ohio.[3]

**THEREFORE,** for the foregoing reasons and for good cause shown:

**IT IS** this **8th** day of **October 2026**,

**ORDERED** that Nonparty Movant Bruce Sharp's Motion to Quash is **DENIED WITHOUT PREJUDICE** subject to refiling in the appropriate District Court.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.

[3] In support of their request to transfer the Motion to Quash, Petitioners rely, in part, on a decision in which the Western District of Wisconsin transferred a nonparty's motion to quash subpoenas issued in connection with the Ohio Action to the Southern District of Ohio. *See* Pets.' Opp. at 8, 16-17; Weiner Decl., Ex. 4 (Opinion and Order transferring Jordan Schlosser's Motion to Quash). In that case, however, the transferor court was the court where compliance was required and therefore had the authority to transfer the motion pursuant to Rule 45(f). *See In re Subpoenas Served on Jordan Schlosser,* No. 26-mc-1, 2026 WL 788800, at *1 (W.D. Wis. Mar. 20, 2026) (noting that "[t]he subpoenas commanded Schlosser to produce documents and to sit for a deposition in Eau Claire, Wisconsin, also within the district").